Matthew Bourhis, SBN 319382
matthew.bourhis@bourhislaw.com
Ritsa Gountoumas, SBN 316713
ritsa.gountoumas@bourhislaw.com
BOURHIS LAW GROUP, PC
7060 Hollywood Boulevard, Suite 530
Los Angeles, CA 90028
Tel: (415) 392-4660
Fax: (415) 421-0259

Attorneys for Plaintiff
CECILIA CHU, M.D.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CECILIA CHU, M.D.,<br><br>Plaintiff,<br><br>v.<br><br>UNUM LIFE INSURNCE COMPANY OF AMERICA and DOES 1-10,<br><br>Defendants. | Case No.: 8:24-cv-00445-JVS-JDE<br><br>**FIRST AMENDED COMPLAINT FOR**<br><br>1. **BREACH OF CONTRACT**<br>2. **BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**<br><br>**REQUEST FOR JURY TRIAL** |

COMES NOW, Plaintiff CECILIA CHU, M.D. ("Dr. Chu" or "Plaintiff"), by and through her counsel of record, Bourhis Law Group, PC, for her Complaint against Defendant UNUM LIFE INSURANCE COMPANY OF AMERICA ("UNUM" or "Defendant"), state and allege as follows:

## PARTIES

1. Plaintiff Cecilia Chu, M.D.. is, and at all times relevant herein, was an individual residing in the City of Los Alamitos, County of Orange County, State of California.

2. Defendant UNUM Life Insurance Company of America is, and at all times relevant herein was, an insurance company licensed to do business and doing business in California, selling long-term disability insurance, with a principal address of 2211 Congress Street, Portland, ME 04122.

3. Plaintiff is currently unaware of the true names and capacities (whether individual, corporate, or otherwise) of defendants sued herein as DOES 1 through 10 and has therefore sued those defendants by such fictitious names. Plaintiff will amend this Complaint to state the true names and capacities of such fictitiously-named defendants when ascertained. Each of these fictitiously-named defendants is an alter ego of one or more of the named Defendants, or is in some manner liable or responsible to Plaintiff under the causes of action set forth in this Complaint.

## JURISDICTION

4. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, exclusive of interests and costs, and Plaintiff and Defendant are citizens of different states. Plaintiff is a citizen of California and Defendant is a citizen of Maine (where UNUM is incorporated and has its principal place of business).

## VENUE

5. Venue is proper under 28 U.S.C. 28 § 1391 in that a substantial part of the events giving rise to claims arising from the incident described herein occurred within this District and the disability insurance policies were issued in this District.

## FACTUAL ALLEGATIONS

6. Dr. Chu, is and, at all relevant times, was an obstetrician gynecologist, with over two decades of experience serving the healthcare needs of her community in Orange County, California. Her substantial and material duties included, but were not limited to, a rigorous schedule of gynecological surgeries and obstetric deliveries.

7. Dr. Chu began her solo practice in 2003, supported by a small office staff and her husband, who performed administrative work. Dr. Chu customarily worked around the clock to ensure the health and well-being of her patients. Her work commute involved two separate hospitals a substantial distance apart. To ensure the high-quality care for her patients, Dr. Chu often stayed overnight to treat laboring patients and newborn babies.

8. Dr. Chu purchased a long-term disability insurance policy from UNUM with an effective date of February 28, 1994 (a true and correct copy of which is attached here to as "**Exhibit 1**").

9. Dr. Chu's Policy provides Own Occupation coverage and is governed by California law. As such, she qualifies for Total Disability benefits when she is unable to perform the substantial and material duties of her occupation as an OB/GYN in the usual and customary manner with reasonable continuity.

10. In late 2021, Dr. Chu began experiencing palpitations and chest discomfort, particularly during surgeries. Despite extensive cardiac testing, which ultimately revealed no significant cardiovascular issues, her symptoms persisted. It became evident that her condition stemmed from anxiety, stress, and depression, exacerbated by the physical and emotional toll of her occupation.

11. Dr. Chu underwent appropriate treatment, such as psychotherapy, relaxation techniques, and regular exercise. She began taking medication but experienced adverse side effects.

12. Dr. Chu's psychotherapist, Allison Adamovic, LMFT diagnosed Dr. Chu with panic disorder, F41.0, Adjustment Disorder with Anxiety, F43.22 and Major Depressive Disorder F32.1. Medical records state that Dr. Chu experiences symptoms of stress, anxiety, depression,

panic, worry, sleep disruption, complex trauma, and inability to work, and that Dr. Chu fears negative repercussions at work, including panic attacks during a procedure and an inability to safely perform surgery and deliveries.

13. Dr. Chu also treated regularly with Elmo Agatep, M.D., who recorded that Dr. Chu presents with severe symptoms that made "functioning professionally and personally extremely difficult…She was constantly depressed…[and] was plagued by frequent overwhelming anxiety and fearful thoughts. She reported difficulty concentrating – which made performing her duties as a clinician and surgeon difficult and dangerous to her patients. She reported difficulty falling asleep and difficulty staying asleep. She experienced anhedonia and diminished interest of pleasure. She was easily startled, complained of excessive worry. She was constantly fatigued. She had overwhelming feelings of guilt and experienced racing thoughts. Physically she complained of frequent headaches, irritability, nausea, trembling and recurrent chest pain."

14. Unable to carry out the substantial and material duties of her occupation in the usual and customary manner or with reasonable continuity, Dr. Chu filed a disability claim with UNUM on or about June 1, 2022.

15. On or around October 19, 2022, UNUM approved her claim and issued Total Disability benefits for approximately six months.

16. On April 14, 2023, UNUM suddenly denied Dr. Chu's claim. As stated in its denial letter UNUM applied the following definition of Total Disability to Dr. Chu's claim: "Total Disability means: (1) injury or sickness restricts your ability to perform the material and substantial duties of your regular occupation to an extent that prevents you from engaging in your regular occupation…" Further, UNUM asserted there was nothing that prevented Dr. Chu from carrying out her duties as an OB/GYN. To reach this decision, UNUM dismissed the opinions of her treating physicians and instead adopted the opinions of its own hired medical examiners.

17. On or about June 26, 2023, Dr. Chu obtained legal counsel to appeal UNUM's denial.

18. On or about September 15, 2023, Dr. Chu's counsel appealed UNUM's denial and requested reconsideration of its denial.

19. On or about December 8, 2023, UNUM denied the appeal.

20. Plaintiff brings this action on behalf of, or for the benefit of disabled people, as defined in California Civil Code Section 3345.

21. Plaintiff is disabled within the meaning of Civil Code § 1761(g).

22. Defendant knew or should have known that its conduct was directed to a disabled individual.

23. Plaintiff was and is substantially more vulnerable than other members of the public to Defendants' conduct due to poor health and disability.

24. Plaintiff suffered and continues to suffer substantial physical, emotional or economic damage resulting from the Defendant's conduct.

25. Defendants' conduct caused Plaintiff to suffer loss of assets essential to her health, welfare, and replacement income.

26. Defendant committed unfair or deceptive acts or practices against the disabled.

**FIRST CAUSE OF ACTION**

**(Breach of Contract against Defendants UNUM Life Insurance Company of America, and Does 1-10)**

27. Plaintiff re-alleges and incorporates the preceding paragraphs as if set forth herein.

28. The Policy provides Own Occupation coverage.

29. Plaintiff was covered by the aforementioned insurance Policy, which provides for benefits, as set forth in the terms of the Policy.

30. Dr. Chu qualifies for disability benefits under the applicable definition of Total Disability.

31. Notwithstanding the obligation to do so, Defendant failed, refused, and continues to refuse to provide Plaintiff's benefits under the Policy even though liability is clear. These failures and refusals constitute a material breach and an ongoing material breach of the Policy.

32. As a direct and proximate cause of said breach, Plaintiff has been injured and damaged in an amount to be determined according to proof at trial, including but not limited to, such amounts of the present value of past and future benefits, cost of living adjustment, interest, past and future sums for waiver of premium, and other contractual benefits owed under the

aforementioned contract.

**SECOND CAUSE OF ACTION**

**(Breach of the Covenant of Good Faith and Fair Dealing against Defendants UNUM Life Insurance Company of America, and Does 1-10)**

33. Plaintiff incorporates the preceding paragraphs as if set forth herein.

34. At all times herein relevant, Defendant agreed to act in good faith and deal fairly with Plaintiff when it entered into the Policy and accepted premiums. Defendant thereby assumed a special relationship with quasi-fiduciary obligations to Plaintiff and agreed to abide by said duties. *See McCormick v. Sentinel Life Ins. Co.,* 153 Cal.App3d 1030, 1050 (1984) (recognizing quasi-fiduciary relationship between insurer and insured and particular purpose in disability insurance).

35. Nevertheless, Defendant refused to adhere to the duty of good faith and fair dealing. It failed to act and continues failing to act in good faith and deal fairly with Plaintiff and knowingly, deliberately, and willfully breached its obligations to the insured under California law.

36. Defendants acted unfairly and unreasonably in the handling of Plaintiff's claim. Defendants engaged in a course of conduct to further their own economic interests, in violation of their obligations to Plaintiff. Such conduct includes, but is not limited to, the following, each of which constitutes bad faith conduct:

a. Failing to objectively evaluate Plaintiff's claim and failing to conduct a full and fair investigation of said claim;

b. Unreasonably denying the claim when evidence does not clearly support the denial;

c. Discrediting and ignoring evidence that clearly supports Plaintiff's claim;

d. Relying on biased medical consultants to deny Plaintiff's claims;

e. Failing to apply the proper standard of Total Disability under California law;

f. Failing to place the Plaintiff's financial interests on an equal par with Defendants' own financial interest; and

g. Performing other wrongful and unfair conduct according to proof at trial.

37. Plaintiff alleges that Defendants adopted and implemented unfair claims handling practices and have utilized those unfair claims handling practices in their roles as the claims administrator and decision-maker of Plaintiff's claim.

38. In the absence of a reasonable basis, and with full knowledge and/or conscious disregard of the consequences, Defendants have refused, and continue to refuse on an ongoing basis, to pay Plaintiff's claim.

39. Plaintiff believes and alleges that Defendants acted with malice, fraud, or oppression and failed to conduct a good faith investigation of his claim.

40. Defendants engaged in other unreasonable conduct that is unknown at this time.

41. The acts alleged were part of Defendants' and each of their, inclusive, ordinary business practice designed to not pay policy benefits which were and are owed to Plaintiff, in order to increase their profits.

42. In doing the acts listed above, Defendants breached the covenant of good faith and fair dealing, applicable to all insurance companies doing business in California.

43. As a further, direct, and proximate result of the aforementioned conduct of Defendant, Plaintiff suffered and continue to suffer mental and emotional distress, including but not limited to fear, aggravation, anxiety, depression, and the loss of financial security and peace of mind she bargained for at the time she purchased the insurance Policy and paid premiums, and have thereby incurred general damages in a sum in excess of the minimum jurisdiction of this Court to be determined according to proof at the time of trial.

44. As a further, direct, and proximate result of the aforementioned conduct of Defendant, Plaintiff has been obliged to expend or incur liability for costs of suit, attorneys' fees, and related expenses in an amount not yet fully ascertained, but which will be submitted at the time of trial.

45. The conduct of Defendant as described above was in wanton and reckless disregard of Plaintiff's rights. Defendant's conduct was done willfully, oppressively, maliciously, and with conscious disregard of Plaintiff's rights, and with the intent to harass of injure Plaintiff such that Plaintiff is entitled to a recovery of punitive damages.

**PRAYER FOR RELIEF**

Plaintiff prays for relief as follows:

1. For the First Cause of Action for past and future policy benefits, and all other contractual damages according to proof at trial.

2. For the Second Cause of Action:

   a. General Damages, in a sum to be determined at trial;

   b. For pain and suffering, emotional and mental distress, and other incidental damages in a sum to be determined according to proof at trial;

   c. For consequential damages according to proof;

   d. For special damages in an amount according to proof;

   e. For costs of suit and attorneys fees;

   f. For punitive damages;

   g. For treble damages; and

   h. For such other and further relief as the Court deems just and proper.

**REQUEST FOR JURY TRIAL**

Plaintiff requests a jury trial for the claims asserted in the compliant so triable.

Dated: June 24, 2024 **BOURHIS LAW GROUP, PC**

By: */s/ Matthew Bourhis*
Matthew Bourhis
Ritsa Gountoumas

*Attorneys for PLAINTIFF*
*CECILIA CHU, M.D.*